UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALANNA COLLINS,<br>Plaintiff,<br>v.<br>CONSTRUCTCONNECT, INC.,<br>Defendant. | CIVIL ACTION NO.<br>1:26-CV-800-SEG |

**<u>O R D E R</u>**

This matter is before the Court on the parties' joint motion for approval of the settlement agreement. (Doc. 16.) The parties have presented an agreement purporting to settle Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA"). Judicial review and approval of FLSA settlements is necessary to give settlements final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). A district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Court has reviewed the parties' written settlement agreement to determine its adequacy and consistency with the requirements of the FLSA. Based on a review of the settlement agreement and the record in this case, the Court concludes: (1) the terms of the settlement agreement were reached in an adversarial context with the assistance of legal counsel; (2) the terms of

the settlement agreement are fair and reasonable and represent an adequate resolution of this action; and (3) the attorney's fees and costs are reasonable.[1]

Accordingly, the parties' motion for approval of the settlement agreement (Doc. 16) is **GRANTED**. It is **ORDERED** that the settlement agreement is **APPROVED**. The payment of the consideration referenced in the settlement agreement shall be made as provided in the settlement agreement. Except as otherwise stated in the settlement agreement, the parties shall bear their own costs and attorney's fees associated with this action.

At the parties' request, (Doc. 16 at 9), this action is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to enforce the terms of the settlement agreement. The Clerk of Court is directed to **CLOSE** this case.

**SO ORDERED**, this 25th day of June, 2026.

SARAH E. GERAGHTY
United States District Judge

[1] Although the parties did not submit timesheets detailing the work completed by Plaintiff's counsel, the Court finds, based upon its own experience, knowledge of market rates, and this case, that the amount of attorney's fees agreed upon by the parties in mediation is reasonable.